# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00249-CR

**Eric Sweningson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-13-204127, HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Eric Sweningson appeals his conviction for driving while intoxicated (DWI) with a blood-alcohol concentration of at least .15, a Class A misdemeanor. *See* Tex. Penal Code § 49.04. After a jury found appellant guilty, the trial court sentenced him to one year in jail and a $4,000 fine but suspended imposition of the sentence and placed appellant on community supervision for two years. *See* Tex. Code Crim. Proc. art. 42.12, § 3. On appeal, appellant complains that the trial court erred by refusing to instruct the jury to disregard a witness's answer after the trial judge sustained an objection on the basis of hearsay. We will affirm.

Appellant was arrested for DWI after a collision that occurred in the parking lot of a strip club. An issue at trial was whether appellant was driving a vehicle involved in the collision that was owned by his brother. The record reflects that a witness was asked if he saw the driver of the vehicle in the courtroom. The witness answered, "Yes, I do." At that point, defense counsel

objected, a bench conference ensued, and the trial court sustained an objection based on hearsay. Defense counsel also asked the court to instruct the jury to disregard the witness's answer, which the trial court denied. Appellant complains on appeal that failure to instruct the jury to disregard the witness's answer resulted in the improper admission of hearsay testimony that he was driving his brother's vehicle at the time of the accident because the trial court sustained the hearsay objection outside the jury's presence. The witness, however, never testified that appellant drove the vehicle or was the driver of the vehicle; he testified only that the driver of the vehicle was in the courtroom. Therefore, the record does not show the necessity of an instruction to disregard as appellant alleges.

Moreover, to the extent appellant complains that the witness was subsequently permitted to testify that appellant was "[one] of the parties involved" in the accident, there was no objection to that question or to the witness's answer. In addition, before the prosecutor posed the question to the witness, defense counsel stated that the question was "completely fair" and that "all the evidence indicated that [appellant] certainly was involved." Thus, no error was preserved. *See* Tex. R. App. P. 33.1. We overrule appellant's sole appellate issue.

Based on the foregoing, we affirm the judgment of conviction.

_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 31, 2014

Do Not Publish